108 F.3d 1370
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Sonia RESTREPO-GARCIA; Albeiro Restrepo, also known as
Joseph Mateo; and Luis Urena, Defendants,
Yamile PINEDA-RESTREPO, also known as Martha, Defendant-Appellant.
 No. 96-1532.
 United States Court of Appeals, Second Circuit.
 March 24, 1997.
 
 1
 Appearing for Appellant: Maurice H. Sercarz, New York, New York.
 
 
 2
 Appearing for Appellee: Kristin M. Cappel, Assistant United States Attorney, Eastern District of New York, Brooklyn, New York.
 
 
 3
 Before FEINBERG and WINTER, Circuit Judges, and POLLACK, District Judge.*
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was submitted.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 6
 Yamile Pineda-Restrepo appeals from a sentence imposed by Judge Amon following a conviction, obtained by a guilty plea, for conspiracy to distribute, and to possess with intent to distribute, cocaine in violation of 21 U.S.C. § 846. Appellant was sentenced to 97 months imprisonment, to be followed by a five year term of supervised release. Pineda-Restrepo argues that the district court erred in refusing to grant her a two-level downward adjustment for being a "minor participant" in the offense, pursuant to United States Sentencing Guidelines § 3B1.2(b). We disagree.
 
 
 7
 At the sentencing hearing, the government proferred its account of Pineda-Restrepo's role in the charged drug transaction, and Pineda-Restrepo explicitly conceded the accuracy of the government's account. The government asserted that shortly before her arrest Pineda-Restrepo traveled to the United States from Colombia in order to oversee the distribution of at least 50 kilograms of cocaine. Pineda-Restrepo also rented an apartment to store the cocaine and recruited her cousin Albeiro Restrepo to assist her in the drug transaction.
 
 
 8
 Given these uncontradicted facts, Judge Amon's conclusion that Pineda-Restrepo played a "highly integral part" in the drug conspiracy and does not qualify as a minor participant under Guidelines § 3B1.2(b) is hardly erroneous. See United States v. Garcia, 920 F.2d 153, 155 (2d Cir.1990) ("minor participant" reduction depends on a number of factors, including nature of defendant's relationship to other participants, importance of defendant's actions to the venture as a whole, and defendant's awareness of the nature and scope of the criminal enterprise).
 
 
 9
 We therefore affirm.
 
 
 
 *
 The Honorable Milton Pollack of the United States District Court for the Southern District of New York, sitting by designation